**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000403
24-JUL-2020
07:50 AM**

NO. CAAP-18-0000403

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
RYAN KURANISHI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-17-01900)


SUMMARY DISPOSITION ORDER
(By: Chan, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Ryan Kuranishi (**Kuranishi**) appeals from the Amended Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on November 21, 2017, and Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on May 1, 2018, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1] Following a bench trial, Kuranishi was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2016).[2]

---

[1]    The Honorable Sherri-Ann L. Iha presided.

[2]    HRS § 291E-61(a)(1) provides:

A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

On appeal, Kuranishi contends that:  (1) the District Court erred in partially denying his written motion to suppress his "statements"; (2) the District Court erred in denying his oral motion to suppress evidence; and (3) there was insufficient evidence to support Kuranishi's conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kuranishi's points of error as follows:

(1)  Prior to Kuranishi's arrest for OVUII, Honolulu Police Department (**HPD**) Officer Joshua Wong (**Officer Wong**) administered a Standard Field Sobriety Test (**SFST**) to Kuranishi. After he was arrested and charged, Kuranishi filed a Motion to Suppress Statements, by which he sought to suppress, among other things, statements he made to HPD officers.  A consolidated hearing on the motion to suppress and bench trial began on November 20, 2017.  During trial, the District Court granted the motion to suppress as to Kuranishi's verbal responses to Officer Wong's questions, but denied the motion as to Kuranishi's performance on the SFST.[3/]

Kuranishi first contends that:  (a) he had a pre-arrest right to remain silent pursuant to State v. Tsujimura, 140 Hawaiʻi 299, 400 P.3d 500 (2017); (b) his "'statements,' including non-verbal communicative responses, were obtained in violation of [t]his right"; and (c) such responses, "i.e[.,] his physical performance on the SFST[,]" should therefore have been suppressed.  This argument is without merit.

---

[3/] Specifically, the District Court ruled, in relevant part:

> Okay.  The Court is going to deny the motion to suppress at this point in time as far as the physical field sobriety test goes.  The Court is going to strike any actual responses to questions that the officer asked, however.
>
> . . . .
>
> . . . . I understand your argument.  The Court is going to strike any responses to any direct questioning, allowing the field sobriety test to remain in.

2

In <u>State v. Uchima</u>, 147 Hawaiʻi 64, ___, ___, 464 P.3d 852, 859, 871 (2020), the supreme court rejected a similar claim that a defendant's verbal and non-verbal responses were obtained in violation of the pre-arrest right to remain silent that was recognized in <u>Tsujimura</u>.  This case, like <u>Uchima</u>, does not involve the use of Kuranishi's silence against him.  Thus, <u>Tsujimura</u> is not applicable to this case.

Kuranishi also contends that he was subjected to custodial interrogation and, because he was not given <u>Miranda</u> warnings, his "non-verbal communicative acts, i.e[,] his performance on the SFST," should have been suppressed.  This argument is also foreclosed by <u>Uchima</u>.  There, the supreme court ruled:

> [The defendant's] performance on the FST does not constitute incriminating statements. "The privilege against self-incrimination is a bar against compelling 'communications' or 'testimony.'" <u>State v. Wyatt</u>, 67 Haw. 293, 303, 687 P.2d 544, 551 (1984) (quoting <u>Schmerber v. California</u>, 384 U.S. 757, 763-64, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966)).  In <u>Wyatt</u>, this court held that when conducting an FST the State does not seek "communications" or "testimony," but rather, "an exhibition of 'physical characteristics of coordination.'" <u>Id.</u> (quoting <u>State v. Arsenault</u>, 115 N.H. 109, 336 A.2d 244, 247 (1975)). Here, [the officer who administered the FST] did not seek "communications" or "testimony" from [the defendant].  Rather, in conducting the FST, the officer sought "an exhibition of 'physical characteristics of coordination.'" <u>Id.</u>  "Consequently, the field sobriety test was not rendered infirm by the constitutionally guaranteed privilege against compulsory self-incrimination." <u>Id.</u>

<u>Uchima</u>, 147 Hawaiʻi at ___, 464 P.3d at 872-73 (original brackets and footnote omitted).

The same analysis applies here; Kuranishi's performance on the SFST did not constitute an interrogation requiring <u>Miranda</u> warnings.  The District Court therefore did not err in denying Kuranishi's motion to suppress his performance on the SFST.

(2)  Kuranishi contends that the District Court erred in denying his oral motion to suppress evidence, because he did not make an illegal left turn by crossing over solid yellow lines, and therefore Officer Wong lacked a reasonable suspicion to initiate a traffic stop.

"[A]n investigative stop can be justified based on an objectively reasonable suspicion of any offense, provided that the offense for which reasonable suspicion exists is related to

the offense articulated by the officer involved."  State v. Bolosan, 78 Haw. 86, 94, 890 P.2d 673, 681 (1995).

At trial, Officer Wong testified that he was in a marked police vehicle traveling westbound on Kapiolani Boulevard, approaching the intersection with Ward Avenue; Kuranishi was driving in the far left lane in the same direction, a few car lengths ahead of Officer Wong's vehicle.  Officer Wong observed Kuranishi cross over the double solid yellow lines separating east and westbound traffic on Kapiolani Boulevard about 30 feet before the intersection.  Kuranishi continued over three eastbound lanes, while still driving in the westbound direction, before turning left onto Ward Avenue.  As Kuranishi entered the intersection, Officer Wong turned on his lights and siren to initiate a traffic stop.  Kuranishi pulled over almost immediately into a Jack-in-the-Box parking lot.

Kuranishi argues that he made a left turn across broken, not solid, yellow lines; his turn was not illegal; and there was thus no reasonable suspicion for the traffic stop.  He contends that a video he made subsequent to his arrest, which was entered into evidence at trial, showed that the yellow lines were broken.  But he also testified that he had crossed the yellow lines on Kapiolani Boulevard; cut into oncoming traffic for about ten to fifteen feet; and "when [he] made that left turn cutting it on Kapiolani, [he] also cut into . . . that left turn only lane facing north on Ward to make that . . . hard right into Jack in the Box."

Based on Officer Wong's observations, and regardless of whether the double yellow lines that Kuranishi crossed were broken or solid, Officer Wong plainly had reasonable suspicion to stop Kuranishi for a traffic violation.  See, e.g., HRS § 291C-41(c).[4]  Accordingly, the District Court did not err in denying

---

[4] HRS § 291C-41(c) (2007) provides:

> Drive on right side of roadway; exceptions. . . .
>
> (c)  Upon any roadway having four or more lanes for moving traffic and providing for two-way movement of traffic, no vehicle shall be driven to the left of the center line of the roadway, except when authorized by
>
> (continued...)

Kuranishi's oral motion to suppress evidence.

(3) Kuranishi contends that there was no substantial evidence to support his OVUII conviction.  The evidence adduced at trial must be considered in the strongest light for the prosecution.  State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007) (citation omitted).

At trial, Officer Wong testified to the following:  On May 12, 2017, at approximately 2:50 a.m., he was traveling westbound on Kapiolani Boulevard, which is a public street, road, or highway located in the City and County of Honolulu, State of Hawaiʻi.  He observed Kuranishi cross over the double yellow lines separating east and westbound traffic on Kapiolani Boulevard, about 30 feet before the intersection.  Kuranishi continued over three eastbound lanes, while still driving in the westbound direction, before turning left onto Ward Avenue.  After stopping and interacting with Kuranishi, Officer Wong observed that Kuranishi's "speech appeared a little slurred, lightly slurred, when he was talking to [Officer Wong]."  Officer Wong also observed that Kuranishi's "eyes at the time appeared red, kinda bloodshot.  And . . . inside the interior of the cabin of his truck, as well as him talking to [Officer Wong], [Officer Wong] smelled a strong odor of alcohol."  Officer Wong also testified to Kuranishi's deviations in performance from Officer Wong's instructions on the SFST.

Following Kuranishi's testimony and closing arguments, the District Court ruled as follows:

> Okay.  Frankly, given the credibility of the witnesses in this case, the Court is going to find that the defendant was impaired while he was driving.  The driving alone in this case with the slurred speech and strong odor was enough to show impairment.
>
> Officer Wong testified that the defendant went all the way to the left side of Kapiolani-Ward and turned into the left side of Ward -- I'm sorry -- went all the way to the left on Kapiolani and turned the left lane on Ward before

---

[4]/(...continued)
official traffic-control devices designating certain lanes to the left side of the center of the roadway for use by traffic not otherwise permitted to use such lanes, or except as permitted under subsection (a)(2). This subsection shall not be construed to prohibit the crossing of the center line in making a left turn into or from an alley, private road, or driveway.

cutting across into Jack in the Box parking lot, which is on the right. The defendant's testimony semi corroborates that, that he cut the turn short to turn into the right side -- to the first driveway on the right side of Ward. That doesn't make any sense at all. The Court finds that the defendant was impaired at the time.

On appeal, Kuranishi argues that Officer Wong's testimony regarding Kuranishi's slurred speech was "simply not credible," and Kuranishi "did not commit any traffic violations or bad driving, other than the lane-marking crossings allegations made by Officer Wong." We decline, however, to pass upon issues regarding the credibility of witnesses and the weight of the evidence, which are within the province of the trier of fact — here, the District Court. See State v. Stocker, 90 Hawaiʻi 85, 90, 976 P.2d 399, 404 (1999); State v. Scalera, 139 Hawaiʻi 453, 460, 393 P.3d 1005, 1012 (2017) ("appellate courts are required to give full play to the right of the fact finder to determine credibility" (quoting State v. Valdivia, 95, Hawaiʻi 465, 471, 24 P.3d 661, 667 (2001)) (internal quotation mark omitted)).

Upon review of the record, we conclude there was substantial evidence that Kuranishi operated a vehicle while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty. Accordingly, on this record, the evidence was sufficient to support Kuranishi's OVUII conviction.

Therefore, IT IS HEREBY ORDERED that the Amended Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on November 21, 2017, and Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on May 1, 2018, in the District Court of the First Circuit, Honolulu Division, are affirmed.

DATED: Honolulu, Hawaiʻi, July 24, 2020.


On the briefs:                          /s/ Derrick H.M. Chan
                                        Presiding Judge
Alen M. Kaneshiro
for Defendant-Appellant.
                                        /s/ Keith K. Hiraoka
Stephen K. Tsushima,                    Associate Judge
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.                 /s/ Clyde J. Wadsworth
                                        Associate Judge